IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

UNITED SAFETY SERVICES, INC.,     PITTSBURGH DIVISION

    Plaintiff,

v.     No.: 2:21-cv-913

THE CITY OF PITTSBURGH, and
COUNCIL FOR THE CITY OF
PITTSBURGH,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT RELIEF PURSUANT TO 28 U.S.C. § 2201

AND NOW, comes the Plaintiff, United Safety Services, Inc., by and through its counsel, John P. Corcoran, Jr., Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and files the within Complaint for Declaratory Judgment Relief Pursuant to 28 U.S.C. § 2201, and in support thereof states as follows:

## PREAMBLE

The Plaintiff brings suit to enjoin The City of Pittsburgh from continuing to enforce Section 802.04 Requirements of Testing set forth in the Ordinance amending and supplementing The City of Pittsburgh Code, Title Eight, Fire Prevention, by adding Chapter 802, Fire Safe Building Inspection Program ("Inspection Ordinance"). More specifically, the training required under Paragraph 802.04(a) of the Inspection Ordinance requires certification from the International Certification Board as an HVAC Fire Life Safety Technician, a program accredited by ANSI under the ISO/IEC 17024 Standard. However, this training is specifically limited to union shop employees. United Safety Services, Inc. is a non-union company. Accordingly, they are prohibited from doing

1

further work in their business and trade of inspecting Fire and Smoke Damper systems, which has been a focus of their business for over twenty-five (25) years, with family business history of over seventy (70) years.

## I. PARTIES

1. Plaintiff, United Safety Services, Inc. ("United"), is a Pennsylvania corporation with principal offices located at 420 East Main Street, Carnegie, Allegheny County, Pennsylvania 15106.

2. Defendant, The City of Pittsburgh, is a home rule city, formally of the second class, organized and existing under the Home Rule Charter and Optional Plans Law ("Home Rule Charter"), 53 Pa. C.S. § 2901, se seq., having its principal place of business located at 414 Grant Street, Fifth Floor, Pittsburgh, Allegheny County, Pennsylvania 15219.

3. Defendant, Council of The City of Pittsburgh, is a duly elected Legislative Body of the City of Pittsburgh, having its principal place of business located at 414 Grant Street, Fifth Floor, Pittsburgh, Allegheny County, Pennsylvania 15219.

4. The City of Pittsburgh is a Home Rule Municipality pursuant to the Home Rule Charter and Options Plan Law and as such is bound by limitations contained therein.

5. Section 2962(f) of the Home Rule Charter, which is an express limitation of home rule powers imposed by the General Assembly, provides as follows:

> (f) REGULATION OF BUSINESS AND EMPLOYMENT.
> - **A municipality which adopts a home rule charter shall not determine duties, responsibilities or requirements place upon businesses, occupations, and employers,** including the duty to withhold, remit or report taxes or penalties levied or imposed upon them or up on persons in their employment, **except as expressly provided by statutes which are applicable in every part of this**

2

> **Commonwealth, or which are applicable to all municipalities or to a class or classes of municipalities.** This subsection shall not be construed as a limitation in fixing rates of taxation on permissible subjects of taxation.

53 Pa. C.S. § 2962(f), (emphasis added).

6.  Section 2962(c) of the Home Rule Charter, which is an express limitation of home rule powers imposed by the General Assembly provides in part, as follows:

> (c) PROHIBITED POWERS. – A municipality shall not:
>
> ***(2) Exercise powers contrary to, or in limitation or enlargement of, powers granted by statutes which are applicable in every party of this Commonwealth.***

53 Pa. C.S. § 2962(c)(2), emphasis added.

## II. JURISDICTION AND VENUE

7.  The Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

8.  Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See*, 28 U.S.C. § 1391(b)(2).

9.  Assignment to the Pittsburgh Division is proper given The City of Pittsburgh is located within that division. *See*, Local Civil Rule 3. In addition, the Plaintiff's claims against Defendants arise in this division. *See, Id.*

## III. STATEMENT OF MATERIAL FACTS

### A. Enactment Of Ordinance

10. The City of Pittsburgh enacted an Ordinance amending and supplementing The City of Pittsburgh City Code, Title Eight, Fire Prevention, by adding Chapter 802, Fire Safe Building Inspection Program (hereinafter referred to as "Inspection Ordinance"). (A

3

true and correct copy of the Inspection Ordinance is attached hereto and made a part hereof as Exhibit "A").

11. The Inspection Ordinance was signed by the Mayor on August 3, 2016.

12. The Inspection Ordinance has a specific requirement for testing which states as follows:

### Section 802.04. Requirements of Testing.

(a) Inspections and tests under this Section shall be performed by a contractor or engineer with the following qualifications:

> i. For inspection and testing of fire and Smoke Dampers, employ only persons who are certified to inspect and test fire and Smoke Dampers and hold certification from the International Certification Board as a HVAC Fire Life Safety Technician through a program accredited by ANSI under the ISO/IEC 17024 standard.
>
> ii. For inspection and testing of Smoke Control Systems, employ only persons having obtain air balancer certifications from the International Certification Board as a HVAC Fire Life Safety Technician through a program accredited by ANSI under the ISO/IEC 17024 standard.

(See Exhibit "A").

13. On February 3, 2021, Daryl E. Jones, Chief for the Bureau of Fire indicated the City would start to enforce the Inspection Ordinance specifically the provisions regarding Section 802.04. (A copy of the notification correspondence is attached hereto and made a part hereof as Exhibit "B").

14. The only possible way to obtain the training required under the Inspection Ordinance is to go through a certification where an employee is "employed by a contractor

4

that is a signatory to a Collective Bargaining Agreement that provides for contributions directly to NEMIC."

15. Indeed, the Certification may only be obtained through an employer that is a signatory under a collective bargaining agreement. (A copy of the Certification for HVAC Fire Life Safety Level 1 Supervisor requiring union membership is attached and made a part hereof as Exhibit "C").

16. Accordingly, based upon these provisions, only a union employer is permitted to provide training and Certification for an ICB certified HVAC fire Life Safety Technician as referenced under the Inspection Ordinance.

### B.  History of United Safety Services, Inc.

17. United Safety Services, Inc. is a family-owned business based in the Pittsburgh area servicing Pittsburgh and Southwestern Pennsylvania.

18. For over seventy (70) years, United Safety Services, Inc. has provided specialized services including services for the commercial and industrial HVAC systems.

19. In the past twenty (20) years, United Safety Services, Inc. has developed a systematic inspection system and provided Smoke Damper testing and verification for hospitals, nursing homes, and businesses throughout Western Pennsylvania.

20. The specific concentration for United Safety Services, Inc. is the healthcare industry and both UMPC and AHN facilities have received certifications from United Safety Services, Inc. for their fire and Smoke Damper systems certification.

21. The primary customers in the healthcare industry are located in the jurisdiction of the City of Pittsburgh.

## C.  Inspection of Fire and Smoke Dampers

22.  United has pioneered the process of testing and certifying fire and Smoke Dampers including adhering to local and federal statutes while providing accurate and easy to read documentation to the clients, as well as inspectors.

23.  United has copyrighted the process, procedure, and systemic steps for the proper inspection of fire and Smoke Dampers. (Form TX copyright pending)

24.  The process and procedure developed by United has become the industry standard.

25.  United is an open shop without union affiliation, but the International Certification Board states the following in their Certification Manual (Chapter 3, subsection2, under "Eligibility"):

> To apply for ICB Contractor certification, the applicant must meet the following criteria:
>
> 1.  Be signatory to a collective bargaining agreement that provides for contributions directly to NEMIC and is current with all financial obligations under that collective bargaining agreement.
>
> 2.  Meet all other eligibility requirements for the certification scheme.

26.  The ICB states under "Certification Schemes" that:

**Fire and Smoke Damper Contractor (FSD-C)**
ICB Fire and Smoke Damper certification is offered to contractors who meet the following requirements.  To be certified the contractor must:

> 1.  Be signatory to a collective bargaining agreement that provides for contributions directly to NEMIC and be current with all financial obligations under that collective bargaining agreement.

2. Employ ICB-certified FSD technicians and ICB-certified FSD supervisors to the extent required for the certification and employ enough IBC-certified FSD technicians and ICB-certified FSD supervisors to perform any and all work in the area related to fire and smoke dampers.

3. Complete at least three FSD projects.

4. Provide three references who can attest to the contractor's competence and integrity in FSD work.

5. Pay the application fee as specified by the ICB, and

6. Complete the certification process as outlined in Section 3 of this manual.

26. There is no means for United to obtain ICB Certification without being a party to a collective bargaining agreement.

27. United has been advised by Local 12 Sheet Metal Union concerning certification that there is no means whereby United can obtain certification without joining the union and undergoing a four (4) year apprenticeship program.

28. Accordingly, by virtue of the implementation of the Inspection Ordinance, United will be substantially disadvantaged in the marketplace and unable to continue to perform and operate its business.

## COUNT I

### REQUEST FOR DECLARATORY JUDGMENT AS THE INSPECTION ORDINANCE IS IN DIRECT VIOLATION OF THE HOME RULE CHARTER AND OPTION PLANS LAW, 53 Pa. C.S.A. § 2901, *et seq.*

29. Paragraphs 1 through 28 are incorporated herein by reference as though set forth at length herein.

30.     The City of Pittsburgh adopted its Home Rule Charter and Options Plans Law, 53 Pa. C.S.A. § 2901, *et seq.* (referred to herein as "Home Rule Charter") in or around November of 1974.

31.     In adopting the Home Rule Charter, the City is bound by the powers granted by the Commonwealth.

32.     Pursuant to Article 9, § 2 of the Pennsylvania Constitution:

> A municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter or by the General Assembly at any time.

Pa. Const. Art. 9, § 2.

33.     In pertinent part, 53 Pa. C.S.A. § 2962(f) entitled "Limitation on Municipal Powers" expressly provides:

> (f)     Regulation of business and employment. – **A municipality which adopts a home rule charter shall not determine duties, responsibilities or requirements placed upon businesses,** occupations, and employers, including the duty to withhold, remit or report taxes or penalties levied or imposed upon them or upon persons in their employment, **except as expressly provided by statutes which are applicable in every part of this Commonwealth, or which are applicable to all municipalities or to a class or classes of municipalities.** This subsection shall not be construed as a limitation in fixing rates or taxation on permissible subjects of taxation.

53 Pa. C.S.A. § 2962(f). (Emphasis added).

34.     Plaintiff is currently engaged in the business or occupation including other services in the performance of fire and smoke damper inspections.

8

35. Pennsylvania courts have read § 2962(f) narrowly and explicitly prohibits the placement of affirmative duties on businesses. *Building Owners and Managers Assoc. of Pittsburgh v. City of Pittsburgh*, 929 A.2d 267, 271 (Pa. Cmwlth. 2007), *affirmed* 985 A.2d 711 (Pa. 2009); *Hartman v. City of Allentown*, 880 A.2d 737 (Pa. Cmwlth. 2005); *Smaller Manufacturers Council v. Counsel of the City of Pittsburgh*, 485 A.2d 73 (Pa. Cmwlth. 1984); *Pennsylvania Restaurant and Lodging Association v. City of Pittsburgh*, 211 A.3d 810 (Pa. 2019).

36. By imposing inspection requirements limited to union personnel and regulating private business operations, the City has exceeded its powers granted by the Commonwealth pursuant to the Home Rule Charter and is in direct contravention to 53 Pa. C.S.A. § 2962(f).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor and:

(a) declare that Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program is *ultra vires*, void, and unconstitutional;

(b) declare that the Defendants are violating the Plaintiff's constitutional rights under the First and Fourteenth Amendments by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(c) declare that Defendants are violating the Plaintiff's federal rights under the National Labor Relations Act by enforcing Section 802.04 of the City of Pittsburgh's

Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(d) issue a preliminary and permanent injunction that prevents the Defendants from enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(e) award costs and attorney's fees under 42 U.S.C. §1988; and

(f) award such other relief as this Court deems just and equitable.

## COUNT II

## REQUEST FOR DECLARATORY JUDGMENT AS THE INSPECTION ORDINANCE IS AN IMPAIRMENT OF CONTRACTS IN VIOLATION OF THE PENNSYLVANIA CONSTITUTION

37. Paragraphs 1 through 36 are incorporated by reference as though set forth at length herein.

38. There are contracts and purchase orders for United and its customers that were and are in full force and effect prior to the effective date of the implementation and enforcement of the Inspection Ordinance on February 3, 2021. (See Ex. "B").

39. Article 1, Section 17, of the Pennsylvania Constitution provides that:

**§17. Ex post facto laws; impairment of contracts**

No *ex post facto* law, nor any law impairing the obligations of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed.

40. The Inspection Ordinance impairs existing contracts of the customers and United in direct contravention of Pa. Const. Art. 1 § 17.

41. A declaration of the invalidity of the Inspection Ordinance in light of the express provisions of Pa. Const. Art. 1, § 17 will end the present uncertainty and controversy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor and:

(a) declare that Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program is *ultra vires*, void, and unconstitutional;

(b) declare that the Defendants are violating the Plaintiff's constitutional rights under the First and Fourteenth Amendments by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(c) declare that Defendants are violating the Plaintiff's federal rights under the National Labor Relations Act by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(d) issue a preliminary and permanent injunction that prevents the Defendants from enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(e) award costs and attorney's fees under 42 U.S.C. §1988; and

(f) award such other relief as this Court deems just and equitable.

## COUNT III

## REQUEST FOR DECLARATORY JUDGMENT AS THE INSPECTION ORDINANCE IS IN VIOLATION OF THE BUSINESS UNIFORMITY PROVISIONS OF THE PENNSYLVANIA CONSTITUTION

42. Paragraphs 1 through 41 are incorporated by reference as though set forth at length herein.

43. Article 3, § 32, of the Pennsylvania Constitution, Pa. Const. Article 3, § 32, provides in pertinent part:

> **§ 32. Certain local and special laws**
>
> The **General Assembly** shall pass no local or special law in any case which had been or can be provided for by general law and specifically the General Assembly shall not pass any local or specialized law:
>
> 1. Regulating the affairs of counties, cities, townships, wards, boroughs, or school districts;
>
> 2. Vacating roads, town plats, streets, or alleys;
>
> 3. Locating or changing county seats, erecting new counties, or changing county lines;
>
> 4. Erecting new townships or boroughs, changing township lines, borough limits or school districts;
>
> 5. Remitting fines, penalties, and forfeitures, or refunding moneys legally paid into the treasury;
>
> 6. Exempting property from taxation;
>
> 7. ***Regulating labor, trade, mining, or manufacturing;***
>
> 8. Creating corporations, or amending, renewing, or extending the charters thereof.

(Emphasis supplied).

44. This constitutional restriction requires uniform treatment of all business throughout the Commonwealth because only the General Assembly, not the 2,565 subsequent local government units, may establish a uniform classification system.

45. A declaration of the invalidity of Inspection Ordinance in light of the express provisions of Pa. Const. Art. 3, § 32 will end the present uncertainty and controversy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor and:

(a) declare that Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program is *ultra vires*, void, and unconstitutional;

(b) declare that the Defendants are violating the Plaintiff's constitutional rights under the First and Fourteenth Amendments by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(c) declare that Defendants are violating the Plaintiff's federal rights under the National Labor Relations Act by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(d) issue a preliminary and permanent injunction that prevents the Defendants from enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(e) award costs and attorney's fees under 42 U.S.C. §1988; and

(f) award such other relief as this Court deems just and equitable.

## COUNT IV

## REQUEST FOR DECLARATORY JUDGMENT AS THE INSPECTION ORDINANCE IS IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

46. Paragraphs 1 through 45 are incorporated by reference as though set forth at length herein.

47. Both public and private employees have a constitutional right to decide whether they will join or associate with a union. *See, Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("Freedom of association therefore plainly presupposes a freedom not to associate"); *citing Abood v. Detroit Board of Education*, 431 U.S. 209, 234-35 (1977); *Pattern Makers' League of N. Am., AFL-CIO v. N.L.R.B.*, 473 U.S. 95, 106 (1985) ("Full union membership thus no longer can be a requirement of employment.").

48. The Constitution also forbids a public employer or entity from requiring its employees to join or financially support a union as a condition of employment. *See, Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

49. A public entity cannot evade the holdings of *Abood* and *Janus* by allowing that work to be performed only by employees hired through a union's job-referral system.

50. The City of Pittsburgh cannot require the employees of non-union employers to relinquish their First Amendment rights as a condition of working on a fire and smoke damper inspection project in the City of Pittsburgh. *See, Board of County Commissioners, Wabaunsec County, Kansas v. Umbehr*, 518 U.S. 668, 674 (1996) ("The government 'may not deny a benefit to a person on a basis that infringes his constitutionality protected . . . freedom of speech' even if he has no entitlement to that benefit" (quoting *Perry v. Sindermann*, 408 U.S. 593, 597 (1972))."

51.     The City of Pittsburgh is violating the First and Fourteenth Amendments by requiring United to hire their employees through a union in order to perform their trade of inspecting fire and Smoke Dampers in the City of Pittsburgh.

52.     This Honorable Court should declare that the Inspection Ordinance violates the First and Fourteenth Amendments, and it should enjoin the Defendants from enforcing it.

53.     The Plaintiff asserts this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor and:

(a)     declare that Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program is *ultra vires*, void, and unconstitutional;

(b)     declare that the Defendants are violating the Plaintiff's constitutional rights under the First and Fourteenth Amendments by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(c)     declare that Defendants are violating the Plaintiff's federal rights under the National Labor Relations Act by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(d)     issue a preliminary and permanent injunction that prevents the Defendants from enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(e)     award costs and attorney's fees under 42 U.S.C. §1988; and

(f)     award such other relief as this Court deems just and equitable.

## COUNT V

## REQUEST FOR DECLARATORY JUDGMENT AS THE INSPECTION ORDINANCE VIOLATES THE NATIONAL LABOR RELATIONS ACT

54.     Paragraphs 1 through 53 are incorporated by reference as though set forth at length herein.

55.     29 U.S.C. § 157 of the National Labor Relations Act gives employees the right to decide whether they want union representation. *See, N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251, 256-57 (1975) (An employee's right to union representation upon request is based on Section 7 of the Act which guarantees the right of employees to act in concert for 'mutual aid and protection.'"); *N.L.R.B. v. Granite State Joint Bd., Textile Workers Union of America, Local 1029, AFL-CIO*, 409 U.S. 213, 216 (1972) ("Under § 7 of the Act the employees have 'the right to refrain from any or all' concerted activities relating to collective bargaining or mutual aid and protection, as well as the right to join a union and participate in those concerted activities.").

56.     United has exercised its right to decline union representation – a right protected by Section 7 of the National Labor Relations Act.

57.     The Inspection Ordinance violates the National Labor Relations Act if for any other reason, it prevents employers such as United Safety Services, Inc. from working on City projects unless they hire employees through the union. This violates 28 U.S.C. §

16

158(a)(3), which abolishes the compulsory union shop. *See, Pattern Makers' League of N. Am., AFL-CIO v. N.L.R.B.*, 473 U.S. 95, 106 (1985) ("Section 8(a)(3) of [the Taft-Hartley] Act effectively eliminated compulsory union membership by outlawing the closed shop. The union security agreements permitted by § 8(a)(3) require employees to pay dues, but an employee cannot be discharged for failing to abide by union rules or policies with which he disagrees. Full union membership thus no longer can be a requirements of employment.").

58.     This Honorable Court should therefore declare that the Inspection Ordinance violates the National Labor Relations Act, and it should enjoin the Defendants from enforcing it.

59.     The National Labor Relations Act establishes federal "rights" enforceable under 42 U.S.C. § 1983. *See, Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 109 (1989).

60.     The Plaintiff asserts this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor and:

(a)     declare that Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program is *ultra vires*, void, and unconstitutional;

(b)     declare that the Defendants are violating the Plaintiff's constitutional rights under the First and Fourteenth Amendments by enforcing Section 802.04 of the City of

Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(c) declare that Defendants are violating the Plaintiff's federal rights under the National Labor Relations Act by enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(d) issue a preliminary and permanent injunction that prevents the Defendants from enforcing Section 802.04 of the City of Pittsburgh's Ordinance amending Title Eight of the City Code Chapter 802 Fire Safe Building Inspection Program;

(e) award costs and attorney's fees under 42 U.S.C. §1988; and

(f) award such other relief as this Court deems just and equitable.

Respectfully submitted,

JONES, GREGG, CREEHAN & GERACE, LLP

DATED: July 12, 2021

BY: /s/ John P. Corcoran, Jr.
JOHN P. CORCORAN, JR., ESQUIRE
PA. ID. NO. 74906

411 SEVENTH AVENUE, SUITE 1200
PITTSBURGH, PA 15219
(412) 261-6400
FAX: (412) 261-2652
E-MAIL: jpc@jgcg.com

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __John P. Corcoran, Jr., Esquire__

Signature: /s/ John P. Corcoran, Jr.

Name: __John P. Corcoran, Jr.__

Attorney No. (if applicable): __74906__